UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>VITO NUZZOLILO,<br><br>Defendant. | CRIMINAL ACTION<br>NO.  4:17-40035-TSH |

## ORDER AND MEMORANDUM ON PETITIONER'S MOTION TO VACATE (Docket No. 317)

5/17/2023

**HILLMAN, S.D.J.**

The petitioner was convicted on April 29, 2020 for conspiracy to possess heroin and cocaine with intent to distribute. (Docket No. 260). His sentencing range was enhanced in part due to two state law convictions, one for trafficking marijuana and one for trafficking cocaine. The petitioner now moves to vacate his conviction pursuant to 28 U.S.C. § 2255 and to be resentenced by attacking the applicability and validity, respectively, of his state law convictions. For the reasons below, his motion is ***denied***.

### Analysis

Under § 2255, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Damon v. United States*, 732 F.3d 1, 4 (1st Cir. 2013) (the "procedural default" rule applies to "nonconstitutional claim[s]"). The claims here were not raised on appeal and the petitioner cannot show cause.[1]

---

[1] Because the petitioner cannot show cause for failing to raise the arguments on appeal, this Court does not decide the issues concerning the timeliness of the petition nor the merits of the "Dookhan" claim.

To show cause, a claim must be "so novel that its legal basis is not reasonably available to counsel," and precedent adverse to that legal basis is, standing alone, insufficient to show that novelty. *Damon*, 732 F.3d at 5. In *Damon*, when the petitioner in that case was sentenced, First Circuit precedent foreclosed the argument that a Massachusetts conviction for assault and battery was not a crime of violence. *Id.* at 4-5. As such, his counsel did not raise that argument to attack an enhancement of his sentence. After sentencing, in the wake of new Supreme Court precedent, the First Circuit held that a Massachusetts conviction for assault and battery is not categorically a crime of violence for the purposes of sentencing enhancements. *United States v. Holloway*, 630 F.3d 252, 257-62 (1st Cir. 2011). Damon accordingly petitioned for a reduction of his sentence. Nevertheless, the First Circuit held that a change in adverse precedent was not enough to justify a collateral attack because the argument that ultimately prevailed in *Holloway* was relatively common around the time of the defendant's sentencing. *Damon*, 732 F.3d at 5. ("Damon's claim might have been futile under *Mangos*, but it was not novel").

*Damon* forecloses petitioner's first argument. Petitioner is correct that his Massachusetts marijuana trafficking conviction is not a "controlled substance offense" under § 4B1.2 of the Federal Sentencing Guidelines. *United States v. Abdulaziz*, 998.F.3d 519, 531 (1st Cir. 2021). Had petitioner been sentenced after *Abdulaziz*, the marijuana conviction could not have been used to enhance his sentence as a career offender. However, the argument the First Circuit adopted in *Abdulaziz* was made at Abdulaziz's sentencing in 2019, prior to petitioner's sentencing in 2020. *Id.* at 521. It was based on the "categorical" approach to prior convictions that is not novel. *Id.* at 522-23 (citing *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013); *Johnson v. United States*, 559 U.S. 133, 137 (2010)). Indeed, after sentencing, petitioner's trial counsel moved for new counsel to be appointed to pursue an ineffective assistance of counsel

claim via § 2255 on the theory that an *Abdulaziz*-type argument *should have been raised* at sentencing (Docket No. 303). Under *Damon*, the argument that prevailed in *Abdulaziz* is not so novel that it was not "reasonably available to counsel" and therefore petitioner has failed to show cause for not raising it on direct appeal. Finally, although petitioner argues he is actually innocent of the marijuana conviction under the "categorical approach," actual innocence means "factual innocence, not mere legal insufficiency." *Damon*, 732 F.3d at 5-6.

Petitioner also argues that his cocaine trafficking conviction should not have been considered because of the malfeasance of Annie Dookhan at the Hinton Lab.[2] The procedures for vacating state court convictions in light of Dookhan's malfeasance were established in 2017. *See generally Bridgeman v. Dist. Attorney for Suffolk Dist.*, 476 Mass. 298, 67 N.E. 3d 673 (2017). Petitioner gives no reason for not raising the issue on direct appeal. Indeed, petitioner concedes that his counsel advised against pursuing vacatur on those grounds prior to his sentencing, indicating he was aware such an argument was available. Having failed to show cause for failing to raise the argument on direct appeal, this claim cannot be brought via § 2255.

For the reasons above, petitioner's motion is ***denied***.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**

---

[2] Petitioner concedes his cocaine trafficking conviction was never vacated and offers no proof his conviction was based on lab results conducted by or certified by Dookhan.