**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

VITO NUZZOLILO,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

Crim. No: 4:17-cr-40035-MRG

**ORDER ON PETITIONER'S MOTION TO VOID JUDGMENT OR VACATE [ECF No. 349].**

**GUZMAN, J.**

Before the Court is Petitioner Vito Nuzzolilo's motion to void judgment or vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated in the Court's previous Orders [ECF Nos. 331, 347], the Petitioner's third Motion to Vacate [ECF No. 349], is **DENIED**.

Similar to Petitioner's previous Motion to Vacate, [ECF No. 337], Petitioner has brought to this Court a second or successive habeas corpus petition under 28 U.S.C. § 2255 without having obtained leave to do so from the appropriate court of appeals, therefore, the district court is without jurisdiction to entertain the petition. See Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008) (We have interpreted this provision as stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.) (quoting Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997). Petitioner previously filed for

habeas relief under § 2255 on March 2, 2023, [ECF No. 317]. The petition was denied on the merits. [ECF No. 331]. Petitioner filed again for habeas relief under § 2255 on October 30, 2024, [ECF No. 337]. The Petitioner's request was denied because he had not indicated that he received the appropriate authorization to file a second or successive petition from the First Circuit Court of Appeals. [ECF No. 347]. Petitioner's application for leave to file a second or successive motion under § 2255 was denied by the First Circuit for failure to make the threshold showing under 28 U.S.C. § 2255(h). When faced with a second or successive 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals. Bucci v. United States, 809 F.3d 23, 25–26 (1st Cir. 2015).

Once more, Petitioner is before this Court without the proper authorization and fails to present the Court with newly discovered evidence or a new rule of constitutional law which would influence the Court's review of his Habeas petition. 28 U.S.C. § 2255(h). Therefore, the Court must **dismiss** the pending petition. [ECF No. 349].

**SO ORDERED.**

Dated: April 15, 2026

 /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge